Babak Rafiei KARKOOND, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70391.
INS No. A78–165–786.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 7, 2003.

Submitted May 14, 2004.

Decided May 18, 2004.

Roni P. Deutsch, Encino, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, David Dauenheimer, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, THOMPSON, and BERZON, Circuit Judges.

MEMORANDUM*

Babak Rafiei Karkoond appeals the Board of Immigration Appeals' (BIA) dis-

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

missal from the Immigration Judge's (IJ) denial of his motion to reopen his case after he was ordered removed at an in absentia hearing

Karkoond first argues that the BIA abused its discretion and violated due process by issuing a brief per curiam ruling that did not explicitly indicate that it had fully considered the facts in Karkoond's case. We have held that the BIA can adopt the IJ's decision as its own. *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir. 1995). The BIA did not abuse its discretion or violate due process by issuing an opinion that expresses agreement with the IJ's conclusions and reasoning.

Karkoond also asserts that the IJ abused her discretion in denying his motion to reopen when she found that his older brother's failure to maintain contact with Karkoond's attorney did not constitute "exceptional circumstances" meriting the reopening of his case under Immigration and Nationality Act (INA) § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). The INA defines "exceptional circumstances" as "exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e). Karkoond has not shown that his nonappearance at his removal hearing was due to circumstances beyond any control he might have exercised in the situation. Karkoond has not demonstrated that he exercised minimal diligence with regard to keeping track of his immigration proceedings. *See, e.g., In re J–P*, 22 I & N Dec. 33, 36 (BIA 1998) (lack of diligence in attempting to avoid an in absentia deportation order is "a factor

of this circuit except as provided by Ninth Circuit Rule 36–3.

that undercuts" alien's claim of exceptional circumstances). The IJ did not therefore abuse her discretion in denying Karkoond's motion to reopen.

PETITION DENIED.